**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 21-6845-JFW(ASx)** | Date: November 1, 2021 |
| Title: | Sylvia Love -v- US Foods, Inc., et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO LOS ANGELES COUNTY SUPERIOR COURT [filed 9/23/21; Docket No. 22]**

On September 23, 2021, Plaintiff Sylvia Love ("Plaintiff") filed a Motion for Remand to Los Angeles Superior Court ("Motion"). On October 4, 2021, Defendant US Foods, Inc. ("Defendant") filed its Opposition. On October 12, 2021, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's October 25, 2021 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On June 21, 2021, Plaintiff filed a Complaint against Defendant in Los Angeles Superior Court ("LASC"), alleging causes of action for: (1) "Employment Discrimination" (Cal. Gov. Code § 12940(a)); (2) "Failure to Engage in a Timely, Good Faith Interactive Process" (Cal. Gov. Code § 12940(n)); (3) "Failure to Provide Reasonable Accommodation" (Cal. Gov. Code § 12940(m)); (4) "Retaliation" (Cal. Gov. Code ¶¶ 12940(h), 12945.2); (5) "Failure to Take All Reasonable Steps Necessary to Prevent Discrimination from Occurring" (Cal. Gov. Code § 12940(k)); (6) "Wrongful Termination in Violation of Public Policy"; (7) "Intentional Infliction of Emotional Distress"; (8) "Negligent Infliction of Emotional Distress"; (9) "Constructive Termination"; (10) "Sex, Gender, & Age Discrimination and Wrongful Termination in Violation of FEHA"; (11) "Harassment and Hostile Work Environment in Violation of FEHA"; (12) "Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA"; (13) "Violation of California Civil Code Section 43"; (14) "Violation

of California Labor Code Section 230.1 *et seq*[.]"; (15) "Breach of Implied Contract"; (16) "Breach of Implied Covenant of Good Faith and Fair Dealing"; and (17) "Breach of Contract."

In her Complaint, Plaintiff alleges that she worked as a Manager for Defendant from approximately January 2005 until she was constructively terminated in September 2019. Plaintiff also alleges that she was "in a long term Marvin [marital type] relationship" with Kenneth Kajeton Barnoski ("Barnoski"), who was also her co-worker, until approximately August 2015. Plaintiff reported to Defendant in approximately August 2015 that she had been the victim of domestic violence by Barnoski, that she had been granted a restraining order against him, and requested that Defendant accommodate the restraining order in the workplace. After requesting that the restraining order be accommodated, Plaintiff alleges that Defendant chose to favor Barnoski while she was retaliated against by being denied employment benefits and privileges as well as job training and opportunities for advancement.

On August 25, 2021, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

## III. Discussion

### A.  Plaintiff Did Not File a Proposed Statement of Decision

The Court's Standing Order, filed August 27, 2021 (Docket No. 11), provides in relevant part: "Within two days of the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). Plaintiff failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f).

Accordingly, Plaintiff's Motion is denied. Nonetheless, the Court has also considered Plaintiff's Motion on the merits and rules as follows:

### B.   Plaintiff's Motion for Remand is Denied on the Merits

In her Motion, does not argue that the parties are not diverse or that the amount in controversy is less than $75,000, and, thus, tacitly concedes that diversity jurisdiction exists.[1] Instead, Plaintiff argues that this action is a "nonremovable action" under the Violence Against Women Act of 1994 ("VAWA") because Plaintiff's claims arise in part from the acts of domestic violence committed against her.  In its Opposition, Defendant argues that Plaintiff did not plead a claim under the VAWA and the section of the VAWA that Plaintiff relies on to argue that her action is nonremovable has been invalidated and held unconstitutional.

28 U.S.C. § 1445(d) provides that:

A civil action in any State court arising under section 40302 of the Violence Against Women Act of 1994 may not be removed to any district court of the United States.

Section 40302 of VAWA provides, in relevant part, that:

(b) RIGHT TO BE FREE FROM CRIMES OF VIOLENCE- All persons within the United States shall have the right to be free from crimes of violence motivated by gender (as defined in subsection (d)).

(c) CAUSE OF ACTION- A person (including a person who acts under color of any statute, ordinance, regulation, custom, or usage of any State) who commits a crime of violence motivated by gender and thus deprives another of the right declared in subsection (b) shall be liable to the party injured, in an action for the recovery of compensatory and punitive damages, injunctive and declaratory relief, and such other relief as a court may deem appropriate.

In this case, it is undisputed that Plaintiff did not allege a claim under VAWA in her Complaint.  *See, e.g., Smith v. Picayune*, 795 F.2d 482, 485 (5th Cir. 1986) ("Generally, the right of removal is determined by the pleadings as they stand when the petition for removal is filed"); *Johnson v. Grancare, LLC*, 2015 WL 6865876, *2 (N.D. Cal. Nov. 9, 2015) (denying motion to remand because plaintiff failed to adequately plead cause of action against non-diverse defendant) (internal citations omitted).  In addition, although Plaintiff argues that her claims "arise under" VAWA, Plaintiff does not even mention VAWA in her Complaint.  Indeed, as Defendant points out, the first mention of VAWA by Plaintiff is in her Motion.

Moreover, even if Plaintiff had alleged a claim under VAWA or the Court concluded that Plaintiff's claims "arise under" VAWA, the Supreme Court has found that Congress did not have the power to enact Section 40302.  *See U.S. v. Morrison*, 529 U.S. 589 (2000) (holding that Section 40302 of VAWA exceeded congressional authority under the commerce clause and the Fourteenth Amendment).  As a result of the Supreme Court's ruling in *Morrison*, other courts have

---

[1]   Indeed, based on the jurisdictional allegations made by Defendant in the Notice of Removal, the Court concludes that diversity jurisdiction does exist.

found that Section 1445(d) is no longer operative. *See, e.g., Durham v. AMIKids, Inc.*, 2018 WL 6613816 (M.D. La. Sept. 25, 2018) ("Although § 1445(d) appears to make suits arising under VAWA 'nonremovable,' Plaintiff's Petition does not assert a VAWA claim. Even if such claim was alleged, the Supreme Court has found that Congress did not have power to enact § 40302, and based on that ruling, other courts and commentators have found that § 1445(d) is no longer operative"); *Johnson v. Western & Southern Life Ins. Co.*, 2015 WL 4545930, at * 2 (S.D. Ind. July 28, 2015) ("While Plaintiff correctly points out that removal of a Section 40302 civil action is precluded under 28 U.S.C. § 1445(d), Plaintiff fails to recognize that the Supreme Court found that Congress did not have the power to enact Section 40302, thus barring civil actions under this provision. Plaintiff's VAWA claim is one upon which relief cannot be granted. As such, that claim is not a proper reason to remand") (internal citations omitted). The Court agrees with the well reasoned opinions of these courts and concludes that Plaintiff has failed to demonstrate that she has alleged a claim in her Complaint that makes her action "nonremovable" under VAWA. *See* 14C *Fed. Prac. & Proc. Juris.* § 3728.2 (4th ed.) ("In 1994 Congress added subsection (d) to Section 1445, barring removal of claims brought in a state court under Section 40302 of the Violence Against Women Act of 1994. The Act created a cause of action for acts of violence motivated by gender. However, in *United States v. Morrison*, the Supreme Court held the Act to be unconstitutional, as beyond Congress's power under either the Commerce Clause (Art I, section 8, clause 3) or Section 5 of the Fourteenth Amendment. Thus, Section 1445(d) no longer is operative"). Accordingly, the Court concludes that Plaintiff has failed to demonstrate that her action should be remanded to LASC.

## IV.     Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.